**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**FRANKLIN L. CHANCE**                                                    **PETITIONER**

**VS.**                          **CASE NO.: 5:15CV00189 BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

**I.**    **Background**

In January, 2004, the State charged petitioner Franklin L. Chance with six counts of rape and six counts of incest.  (Docket entry #5-2 at p. 1)  On November 16, 2004, midway through his jury trial in the Circuit Court of Lincoln County, Mr. Chance appeared with his counsel in chambers and, after the court conducted a plea colloquy with Mr. Chance, entered a negotiated plea of nolo contendere to all of the counts charged. (#2 at pp. 5, 12; #5-3; #5-4)  In a judgment and commitment order filed November 24, 2004, the court sentenced Mr. Chance to 20 years on each count of rape and 10 years on each count of incest and ordered that the sentences be served concurrently.  (#5-5)

Mr. Chance did not file a direct appeal or petition under Arkansas Rule of Criminal Procedure 37.  On March 12, 2014, he filed a habeas petition with the Circuit Court of Lee County, Arkansas, which was denied.  Mr. Chance appealed the denial of

his petition to the Arkansas Supreme Court, which affirmed, finding that Mr. Chance had

not stated grounds for relief.  (#5-6)  *Chance v. Hobbs*, 2014 Ark. 400.

Mr. Chance filed a second habeas petition with the Chicot County Circuit Court on

November 14, 2014, raising the same grounds for relief that he had raised in his first

petition.  (#5-7)  The court denied the petition, and the Arkansas Supreme Court affirmed.

*Chance v. State*, 2015 Ark. 154, 3-4.

Mr. Chance filed a petition for writ of habeas corpus with this Court on June 10,

2015, claiming: (1) he did not waive his right to a jury trial when he entered a negotiated

plea of nolo contendere; (2) the trial court never had cause or consent to dismiss the jury;

(3) he never pleaded nolo contendere to the charges, and the judgment was falsified; and

(4) the State has refused to allow him to develop the facts supporting his allegations in

state court.  (#2)

Director Wendy Kelley has responded to the petition.  (#5)  She maintains that Mr.

Chance's claims are either barred by the statute of limitations or lack merit.  For the

reasons discussed below, Mr. Chance's petition is denied and dismissed.

## II.   <u>The Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to

commence habeas corpus proceedings under 28 U.S.C. § 2254.  The limitation period

begins to run from, "the date on which the judgement became final by the conclusion of

direct review or the expiration of the time limit for seeking such review."  28 U.S.C.

§ 2244(d)(1)(A).  Under § 2244(d)(2), "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this section."

In this case, Mr. Chance entered a plea of nolo contendere on November 16, 2004,

and the trial court entered a judgment-and-commitment order that was filed on November

24, 2004.  See *Bradford v. State*, 351 Ark. 394, 401 (2003) (under Arkansas law, criminal

judgment is effective when entered of record by filing with circuit court clerk); ARK. SUP.

CT. ADMIN. ORDER NO. 2(b)(2) (judgment, decree or order is entered when stamped or

otherwise marked with the date and time and the word "filed").  Allowing Mr. Chance

thirty days for direct review of his guilty plea, the statute of limitations began to run on

December 24, 2004, and expired on Monday, December 26, 2005.  See *Camacho v.

Hobbs*, 774 F.3d 931 (8th Cir. 2015) (Arkansas petitioners are granted 30 days to file a

notice of appeal for purposes of the AEDPA).

A.    *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

Mr. Chance had ninety days following the entry of the judgment-and-commitment order to file a petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure; however, he never pursued a petition for post-conviction relief.  Instead, he filed two state habeas petitions more than nine years after his conviction became final. Both petitions were denied because Mr. Chance failed to raise claims that were cognizable in a state habeas petition.  (#5-6, #5-7)

Even if Mr. Chance's state habeas petitions had been "properly filed," the petitions did not toll the statute of limitations under § 2244(d)(2), because both petitions were filed well after the statute of limitations had expired.  See *Cross–Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir.2003) (statute of limitations period is not tolled during the pendency of a proceeding commenced after the limitations period has expired).

Because Mr. Chance is not entitled to statutory tolling, the statute of limitations for Mr. Chance to file a federal habeas petition expired on December 26, 2005.  Mr. Chance did not file the current petition until June 10, 2015, over nine years later.  Thus, his claims are barred unless he establishes that he is entitled to equitable tolling.

B.    *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549 (2010).  A

4

petitioner is entitled to equitable tolling, however, only if he shows: (1) that he has pursued his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Chance waited over nine years after the judgment was entered to file a state habeas petition and more than nine years after the federal statute of limitations expired to file his federal habeas petition. In *Pace v. DiGuglielmo*, the United States Supreme Court found that a petitioner was not diligent when he waited for five months after the state court's denial of post conviction relief became final to file his habeas petition. *Pace*, 544 U.S. at 419. In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court held that a nine-month delay in filing a habeas petition after the Arkansas Supreme Court had denied rehearing did not reflect diligence. *Nelson*, 618 F.3d at 893. Under Eighth Circuit precedent, Mr. Chance's delay precludes a finding that he diligently pursued his rights.

Even assuming Mr. Chance had acted diligently in pursuing his claim, he has not established that extraordinary circumstances prevented him from filing his habeas corpus petition. Mr. Chance argues that, by dismissing his state habeas petitions and appeals, the State has refused to allow him to develop the facts of his case. The record, however, does not support Mr. Chance's contention that he did not knowingly enter a plea of nolo contendere and waive his right to a jury trial.

Midway through the November 16, 2004 jury trial, Mr. Chance told the Court that he wanted to enter a negotiated plea.  (#5-4)  During an in-chambers plea colloquy, Mr. Chance stated that he was not under the influence of drugs or alcohol; was satisfied with his attorneys; had discussed the negotiated plea with his attorneys; had not been threatened or promised anything in exchange for his plea; and understood he was waiving his right to continue and finish his jury trial if he changed his plea to nolo contendere. (#5-4 at pp. 3-4)  Further, Mr. Chance signed a Report of Plea Negotiations indicating that he was entering a negotiated plea of nolo contendere to all of the charges.  (#5-3)  In light of the record of Mr. Chance's change of plea, it is difficult to see how further development of the record could have led to evidence supporting his contention that he did not knowingly enter a plea and waive his right to continue with a jury trial.

Moreover, even assuming the State should have conducted a hearing to develop the facts surrounding his State habeas petitions, Mr. Chance would still not be entitled to equitable tolling on this ground because the time for seeking relief under the AEDPA had expired long before the State acted to deny him the ability to develop his case through his state habeas petitions.

Based on the record, the Court cannot conclude that Mr. Chance diligently pursued his rights or that extraordinary circumstances stood in the way of his doing so. Accordingly, equitable tolling cannot save his federal petition.

C.     *Actual Innocence*

The United States Supreme Court held that actual innocence, if demonstrated,

serves as a gateway through which a petitioner may pass to overcome the expiration of

the statute of limitations.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013).  The

Court cautioned, however, that "tenable actual-innocence gateway pleas are rare."  A

petitioner must persuade the district court that, in light of "new evidence," no reasonable

juror would have found him guilty beyond a reasonable doubt.  *McQuiggin*, 133 S.Ct. at

1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).  The

actual-innocence exception requires a habeas petitioner to come forward with "new

reliable evidence" which was "not available at trial through the exercise of due

diligence."  *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir.

2011), cert. denied, 133 S.Ct. 137 (2012).

Mr. Chance's claims here rest on his assertions of judicial and prosecutorial

misconduct, as well as ineffective assistance of counsel.  Essentially, he claims he did not

enter a plea of nolo contendere or agree to waive his jury trial, and that the judge,

prosecutor, and public defender denied him his right to a jury trial.  He has not come

forward with any new evidence, however, establishing that he is actually innocent of the

charges to which he pleaded nolo contendere so as to overcome the expiration of the

statute of limitations.  (#2 at p. 5)

**III.**     **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Chance has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, after considering Mr. Chance's petition and memorandum of law, the Court concludes that he has not provided a basis for issuing a certificate of appealability.

**IV.**     **Conclusion**

After reviewing Mr. Chance's claims for habeas relief in his petition and amended petition, it is clear that the claims are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, Mr. Chance's petition for writ of habeas corpus (#2) is DENIED and DISMISSED, with prejudice.  There is no basis for this Court to issue a certificate of appealability.  Accordingly, a certificate of appealability is DENIED.

DATED this 9th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE